UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

---

DURGA PROPERTY HOLDINGS, INC.,

          Plaintiff,

          v.

BENTON CHARTER TOWNSHIP,

          Defendant.

Case No.

Hon.

---

Adam J. Brody (P62035)
Gage M. Selvius (P85559)
VARNUM LLP
333 Bridge St. NW
Grand Rapids, MI 49504
(616) 336-6000
ajbrody@varnumlaw.com
gmselvius@varnumlaw.com

---

## COMPLAINT

Plaintiff, Durga Property Holdings, Inc. ("Durga"), through its attorneys, Varnum LLP, states for its Complaint against Defendant Benton Charter Township (the "Township"), as follows:

## NATURE OF THE ACTION

1.      This action arises from the Township's wrongful condemnation of Durga's property without providing prior notice or reasonable time to cure.  The Township's actions, taken under color of state law, violated Durga's right to procedural due process and constitute inverse condemnation under Michigan law.  Durga seeks declaratory and injunctive relief, damages, and all other appropriate relief.

## JURISDICTION AND VENUE

2.      This Court has federal question subject matter jurisdiction over the claims alleged in this action under 28 U.S.C. § 1331, because Plaintiff's claims in this action arise under the United States Constitution and laws of the United States, 42 U.S.C. § 1983.

3.      This Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367(a) because the state law claim forms part of the same case or controversy as the federal question claim.

4.      Venue in this District is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District and the property at issue is located here.

5.      This Court has personal jurisdiction over Defendant because the Township is a Michigan municipal entity located within this District and because the claims arise from the Township's acts and omissions in this District.

## THE PARTIES

6.      Plaintiff, Durga Property Holdings, Inc., is an Ohio corporation with its principal place of business at 11320 Chester Road, Suite 208, Cincinnati, Ohio 45246.

7.      Durga is the owner of real property commonly known as the Orchards Mall (the "Mall") in Benton Charter Township, which is located at 1800 Pipestone Road, Benton Charter Township, MI 49022.

8.      Benton Charter Township is a Michigan charter township and a public entity organized under Michigan law, with its offices in Berrien County, Michigan.

## FACTUAL ALLEGATIONS

9.      Durga is the owner of the Mall, located at 1800 Pipestone Road, Benton Charter Township, MI 49022 and identified in part by Parcel No. 11-03-7400-0001-04-02.

2

10.     The Township has adopted and enforces the 2015 International Property Maintenance Code ("IPMC") through its Building Department and Code Officials.

11.     The IPMC obligates the Township to serve a notice of violation on the owner of the property if the code official "determines that there has been a violation of this code or has grounds to believe that a violation has occurred."  *See* IPMC § 107.1.

12.     The IPMC also specifies the form and content of that notice and prescribes the acceptable methods by which it must be served.  *See* IPMC §§ 107.2, 107.3.

13.     Among other requirements, the IPMC requires that the notice "include a correction order allowing a reasonable time to make the repairs and improvements required to bring the dwelling unit or structure into compliance." *See* IPMC § 107.2(4).

14.     While § 108 of the IPMC authorizes condemnation of structures in certain circumstances, there are strict limits on when a building can be condemned and mandatory procedural requirements the Township must satisfy before condemnation is effected.

15.     One of the limits on the Township's power to condemn property is § 108.3, which requires prior notice to the property owner that "shall be in the form prescribed in Section 107.2." *See* IPMC § 108.3.  Section 107.2 includes the requirement that the notice "include a correction order allowing a reasonable time to make the repairs and improvements required to bring the dwelling unit or structure into compliance."

16.     Prior to August 2025, Durga undertook ongoing redevelopment efforts for the Mall and kept the Township informed through active discussions and good-faith engagement with Township representatives.

17.     As part of these redevelopment efforts, Durga maintained communications with investors and developers and continued site maintenance, including external cleaning and active fire watch.

18.    Despite being in regular communication with the Township, Durga was never given any notice whatsoever of any alleged IPMC violation or that condemnation of the Mall was being considered.

19.    On August 12, 2025, however, the Township, through its Building Department, issued a "Legal Notice of Condemnation" (the "Notice") for 1800 Pipestone Road.  A copy of the Notice is attached as **Exhibit A**.

20.    The Notice declared the Mall condemned effective immediately, ordered the Mall vacated, prohibited all entry on the property except as authorized by the Code Official, and warned of penalties for unauthorized entry.  *See* Ex. A, p. 1.  The Notice does not include a correction order or provide for a reasonable cure period to make any repairs and improvements allegedly required to bring the dwelling unit or structure into compliance.  *Id.*

21.    The Township issued the Notice without first providing Durga with any written notice of violation or reasonable time to cure as required by IPMC § 107.2(4) and IPMC § 108.3. Durga was denied prior notice and a reasonable opportunity to cure before its property was condemned and its use of the property restricted.

22.    The Notice was improperly issued despite (1) lack of proper notice by the Township; (2) Durga's ongoing redevelopment efforts and continued good-faith engagement with the Township; and (3) the Township's failure to consistently enforce the IPMC for comparable properties within the Township.

23.    The Notice has impeded restoration of the Mall, jeopardized Durga's redevelopment negotiations, and limited Durga's use of the Mall.

24.    On September 10, 2025, Durga's counsel notified the Township's Building Inspector that the condemnation was unlawful for failure to comply with the IPMC's requirements,

4

depriving Durga of its right to correct or contest any alleged deficiencies.  This letter is attached as **Exhibit B**.

25.    The letter requested that the Township rescind the Notice within seven days. *See* **Ex. B**, p. 2.

26.    The Township has refused to rescind the Notice.

27.    The Notice has materially interfered with Durga's ability to access, maintain, market, and redevelop the Mall, and has severely disrupted discussions with potential investors and developers.

28.     The Township's actions have caused Durga to incur losses and damages, including lost and delayed redevelopment opportunities, impairment of property value, interruption of planned remediation work, and reputational and business harm.

<u>**COUNT I – PROCEDURAL DUE PROCESS VIOLATION**</u>

29.    Durga realleges and incorporates paragraphs 1 through 28 as if set forth fully herein.

30.    This Count is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of rights secured by the United States Constitution.  At all relevant times, the Township, through its Building Department and Code Officials, acted under color of state law.

31.    Durga has constitutionally protected property interests in the ownership, possession, use, access to, and redevelopment of the Mall, including the right to lawfully occupy, maintain, and control entry upon its premises, and to engage in redevelopment efforts and related business relations concerning the Mall.

32.    Procedural due process requires, at a minimum, notice reasonably calculated to apprise the property owner of the alleged basis for proposed governmental action and an

opportunity to be heard at a meaningful time and in a meaningful manner before the government deprives a person of a protected property interest.

33.    The Township adopted and enforces the IPMC.

34.    Before condemning a structure, the IPMC requires prior written notice in the form prescribed in § 107.2, including a correction order allowing a reasonable time to make repairs or improvements to bring the structure into compliance. These procedures reflect constitutionally required safeguards of notice and an opportunity to cure or contest alleged deficiencies prior to deprivation.

35.    The Notice issued by the Township condemned the Mall effective immediately, ordered the Mall vacated, prohibited entry onto the Mall property except as authorized by the Code Official, and threatened penalties for unauthorized entry.

36.    The Township's actions deprived Durga of its protected interests by immediately restricting possession, access, and use of the Mall, impeding ongoing maintenance and remediation work, interfering with redevelopment negotiations, and impairing the Mall's value and marketability, all without affording Durga constitutionally adequate process.

37.    The risk of erroneous deprivation from the Township's summary condemnation was substantial, and simple, well-established safeguards—such as prior written notice specifying alleged violations, a correction order with a reasonable cure period, and an opportunity to be heard—were readily available and mandated by the Township's own adopted Code.

38.    The Township's actions deprived Durga of its protected property interest without due process of law.

39.    As a direct and proximate result of the Township's deprivation of Durga's procedural due process rights, Durga has suffered and continues to suffer damages, including lost and delayed redevelopment opportunities, impairment of property value, interruption of planned

remediation and maintenance work, and reputational and business harm, in an amount to be proven at trial.

WHEREFORE, Plaintiff respectfully requests that this court enter a judgement in its favor and against Defendant in an amount to be determined to be determined at trial, grant equitable relief including, but not limited to, an order enjoining enforcement of the Notice of Condemnation and requiring Defendant to rescind the Notice, award Plaintiff costs and attorney fees pursuant to 42 U.S.C. § 1988, and grant such other and further relief as the Court deems just and appropriate.

## COUNT II – INVERSE CONDEMNATION

40.     Durga realleges and incorporates paragraphs 1 through 28 as if set forth fully herein.

41.     The Constitution of the State of Michigan provides that "[p]rivate property shall not be taken for a public use without just compensation therefore being first made or secured in a manner prescribed by law.  Compensation shall be determined in proceedings in a court of record." Mich. Const. Art. 10, § 2.

42.     Durga is the owner of the real property located 1800 Pipestone Road, including the Mall, and holds a constitutionally protected property interest in the use, possession, and enjoyment of the property.

43.     The Notice issued by the Township condemned Durga's property effective immediately, ordered the Mall vacated, prohibited entry onto the property except as authorized by the Code Official, and threatened penalties for unauthorized entry.

44.     The Township issued the Notice without prior notice or a reasonable opportunity to cure.

45.    The Township's Notice of Condemnation and subsequent refusal to rescind it have substantially interfered with and effectively deprived Durga of its property rights, including the rights of possession, access, control, maintenance, lawful occupancy, and development.

46.    The Township's actions have deprived Durga of the use, enjoyment, and economic benefit of its property, including the ability to redevelop or otherwise make productive use of the Mall, and impaired the Mall's value and marketability

47.    The Township's conduct constitutes an affirmative action directly aimed at Durga's property, substantially interfering with Durga's property rights and resulting in a taking under the Michigan Constitution.

48.    The Township has not paid just compensation for the taking of Durga's property or for the diminution in value resulting from its actions.

49.    As a direct and proximate result of the Township's inverse condemnation, Durga has suffered and continues to suffer damages, including lost and delayed redevelopment opportunities, impairment of property value, interruption of planned remediation work, and reputational and business harm.

50.    The Township's issuance of the Notice was the direct and proximate cause of the substantial interference with Durga's property interests and were reasonably foreseeable to result in a deprivation of the economically beneficial use, access, and marketability of the Mall.

51.    Durga has not consented to any taking of its property or property rights.

52.    Durga is entitled to just compensation, declaratory and injunctive relief, and such other relief as the Court deems just and proper.

WHEREFORE, Plaintiff respectfully requests that this court enter a judgement in an amount to be determined to be determined at trial, award Plaintiff litigation costs and attorney fees, and grant such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

Varnum, LLP
*Attorneys for Plaintiff*

Dated: October 9, 2025                    By:    */s/  Gage M. Selvius*
                                                 Adam J. Brody (P62035)
                                                 Gage M. Selvius (P85559)
                                                 Varnum LLP
                                                 Bridgewater Place, P.O. Box 352
                                                 Grand Rapids, MI 49501-0352
                                                 (616) 336-6000
                                                 ajbrody@varnumlaw.com
                                                 gmselvius@varnumlaw.com